UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RAMON PEREZ, individually
and ELADIO PEREZ, individually

      Plaintiffs,

v.

CREDIT BUREAU COLLECTION SERVICES, INC.,
a foreign corporation

Defendants.
_____/

# COMPLAINT
# JURY DEMAND

1.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and The Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and 28 U.S.C § 1367 for pendent state law claims.

3. This action arises out of Defendant's violations of the FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, RAMON PEREZ, is a natural person who resides in the City of Lake Clarke Shores, County of Palm Beach, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff, ELADIO PEREZ, is a natural person who resides in the City of Palm Springs, County of Palm Beach, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant, CREDIT BUREAU COLLECTION SERVICES, INC., (hereinafter "CBCS") is a collection agency operating from an address of 236 East Town Street, Columbus, OH 43215, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant, CBCS is vicariously liable for the actions of its employees, including but not limited to its employee debt collectors. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

9. Defendant CBCS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. Defendant CBCS regularly collects or attempts to collect debts for other parties.

11. Defendant CBCS is a "debt collector" as defined in the FDCPA.

12. Defendant CBCS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> (a) Abusive practices
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> (b) Inadequacy of laws
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

14. Plaintiff, RAMON PEREZ incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

16. Defendant sought to collect from Plaintiff, RAMON PEREZ an alleged debt arising from transactions incurred for personal, family or household purposes.

### *June 22, 2011 Collection Call*

17. On or about June 22, 2011, Defendant CBCS's collectors contacted Plaintiff, ELADIO PEREZ by telephone in an effort to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. On or about June 22, 2011, Defendant CBCS's collectors contacted Plaintiff, ELADIO PEREZ and requested to speak to Plaintiff, RAMON PEREZ.

19. In an apparent effort to get Plaintiff, RAMON PEREZ to call him back, the Defendant CBCS's collector stated:

*"This is FPL's main office, we need to talk to Ramon Perez, have him call our office at (888) 325-3826"*

20. This was a false and deceptive statement as the phone number given was that of the Plaintiff and not of FPL the Plaintiff, RAMON PEREZ'S employer.

21. The Plaintiff, ELADIO PEREZ believing there was an issue with his son's employer immediately called his son, the Plaintiff, RAMON PEREZ to advise him of the message left by the Defendant CBCS's collector.

22. After calling the number, it then became apparent to both of the Plaintiffs that this message was not from Plaintiff, RAMON PEREZ'S employer, but the Defendant, CBCS.

23. The hoax informed the Plaintiff, RAMON PEREZ'S father of his son's debt.

24. Plaintiff, ELADIO PEREZ never should have been informed by Defendant that his son's debt ever existed. *See 15 U.S.C. §1692c(b)(precluding third party disclosures).*

25. By disclosing his alleged debt to a third party, Plaintiff, RAMON PEREZ suffered from embarrassment and unnecessary emotional distress.

26. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *Russell v. Equifac A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

27. Federal Courts have held that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constituted a valid

5

Robert C. Gindel, Jr., P.A., 1500 Gateway Boulevard, Suite 220, Boynton Beach, Florida 33426
Telephone (561) 649-2344  :  (561) 965-8550

claim under the FDCPA. *Anchondo v. Anderson, Crenshaw & Associates, LLC,* 583 F.Supp.2d 1278 (D. New Mexico 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

## SUMMARY

28. All of the above-described collection communications made to Plaintiff by Defendant CBCS, and collection employees employed by Defendant CBCS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(11).

29. During its collection communications, Defendant and the individual debt collectors employed by Defendant CBCS failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

30. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
## TO BOTH PLAINTIFFS

35. Plaintiffs incorporate Paragraphs 1 through 27.

36. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant for:

a)     Damages and

b)     Attorneys' fees and costs.

## COUNT 3
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

37.    Plaintiff ELADIO PEREZ incorporates Paragraphs 1 through 27.

38.    Defendant placed telephone calls to Plaintiff, ELADIO PEREZ without making meaningful disclosures of its identity when it failed to disclose that they were debt collectors, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT III
## VIOLATIONS OF PLAINTIFF ELADIO PEREZ' RIGHTS UNDER THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

39.    Plaintiffs incorporates Paragraphs 1 through 27.

40.    Pursuant to 28 U.S.C §§ 2201, 2202, and Fla. Stat. § 559.77(2), Plaintiff seeks a declaration that Defendants' practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7).

41.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

42.    The FCCPA provides for actual damages as well as $1,000.00 dollars in statutory damages. *See* Fla. Stat. § 559.77(2).

43. The FCCPA permits for the recovery of damages for emotional distress and is not subject to the impact rule. *Florida Department of Corrections v. Abril,* 969 So. 2d 201 (Fla. 2007).

44. Plaintiff seeks a permanent injunction prohibiting Defendants and any other party from either contacting or otherwise collecting the alleged debt from Plaintiff.

**WHEREFORE,** Plaintiffs requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(a) $1,000.00 dollars for violations of the FCCPA, including but not limited to Fla. Stat. § 559.72(7);

(b) Actual damages for Plaintiff's emotional distress;

(c) Declaring that Plaintiff does not owe any monies with respect to the alleged debt sought by Defendant;

(d) Declaring that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7);

(e) Permanently enjoining Defendant and any other parties from either contacting or otherwise collecting upon the alleged debt from Plaintiff;

(f) Attorney's fees, litigation expenses and costs of suit;

and

(g) Such other or further relief as the Court deems proper.

## COUNT IV
### PLAINTIFF RAMON PEREZ'S CLAIM FOR THIRD PARTY DISCLOSURE OF DEBT IN VIOLATION OF THE FDCPA

45. Plaintiff RAMON PEREZ incorporates Paragraphs 1 through 27.

46. Defendant disclosed Plaintiff RAMON PEREZ alleged debt to his father, ELADIO PEREZ, by a hoax in an attempt to and thus violated 15 U.S.C. § 1692c(b) and caused said Plaintiff, RAMON PEREIZ both embarrassment and unnecessary emotional distress.

**WHEREFORE**, Plaintiff , RAMON PEREZ requests that the Court enter judgment in favor of Plaintiff, RAMON PEREZ and against Defendant for:

(a) Damages, both statutory and actual;

(b) Attorney's fees, litigation expenses and costs of the instant suit; and

(c) Such other or further relief as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant.

Dated:  April 13, 2012                             Respectfully submitted,

/s Robert C. Gindel, Jr. _____
Robert C. Gindel, Jr.
Email: robertgindel@robertgindel.com
Florida Bar No.: 470740
𝕽𝖔𝖇𝖊𝖗𝖙 𝕮. 𝕲𝖎𝖓𝖉𝖊𝖑, 𝕵𝖗., 𝕻.𝕬.
1500 Gateway Boulevard, Suite 220
Boynton Beach, FL 33426
Telephone: (561) 649-2344
Facsimile: (561) 965-8550
Attorneys for Plaintiff